Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SERVIMETAL, INC.<br><br>Recurrida<br><br>v.<br><br>CHALLENGER BRASS & COPPER, INC.<br><br>**ABIMAEL PADILLA NEGRÓN**<br><br>Peticionario | KLCE202301232 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Núm.:<br>TA2022CV00833<br><br>Sobre:<br>Cobro de Dinero — Vía Ordinaria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparece ante nos el señor Abimael Padilla Negrón ("señor Padilla Negrón" o "Peticionario"). Nos solicita la revocación de la *Resolución* emitida y notificada el 25 de agosto de 2023, por el Tribunal de Primera Instancia, Sala de Toa Alta ("TPI" o "foro primario"). Mediante la referida *Resolución* el foro primario declaró *No Ha Lugar* la *Moción Urgente en Solicitud de Desestimación* presentada por el Peticionario en la reclamación sobre cobro de dinero presentada en su contra por Servimetal Inc., ("Servimetal" o "Recurrida").

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto *certiorari*.

### I.

El 16 de agosto de 2022, Servimetal presentó *Demanda* sobre cobro de dinero por la vía ordinaria en contra de Challenger Brass & Copper Inc., Roy D. Allen y el Peticionario, en la que alegó que estos le adeudan la suma total de $20,795.75 por concepto de

mercancía y material conocido como "Hot Rolled Steel" y Galvalume, más otros gastos.[1] De igual forma, Servimetal alegó que les requirió el pago de la deuda, pero que las gestiones de cobro resultaron infructuosas. Cónsono con lo anterior, esbozó que la deuda está vencida y es líquida y exigible. Servimetal alegó, además, que Roy D. Allen y el Peticionario en su capacidad personal, suscribieron el 4 de octubre de 2019 una solicitud de crédito y un Contrato de Garantía Continua, por lo que de forma solidaria se obligaron a pagar cualquier deuda que tuviera Challenger Brass & Copper Inc.[2]

En lo pertinente, el 13 de julio de 2023, el señor Padilla Negrón presentó *Moción Urgente en Solicitud de Desestimación.*[3] Allí expuso que tras el fallecimiento del Sr. Roy D. Allen, Servimetal liberó a sus sucesores de su porcentaje de responsabilidad en la alegada deuda, toda vez que el 9 de septiembre de 2022, la Recurrida solicitó al foro primario que procediera a desestimar la demanda en cuanto a éste.[4] En síntesis, razonó el Peticionario que la Demanda, además de dejar de acumular parte indispensable, dejó de exponer una reclamación que justifique la concesión de un remedio, por lo que procede su desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap.V, R.10.2.

En respuesta, el 27 de julio de 2023, Servimetal presentó *Moción en Oposición a Solicitud de Desestimación.*[5] En esencia, sostuvo que en la Demanda se había alegado que la deuda estaba vencida y anejó a la misma como prueba los siguientes documentos: solicitud de crédito, el Contrato de Garantía Continua firmado por el Sr. Roy D. Allen y el señor Padilla Negrón, las facturas desprovistas de pago y el estado de cuenta debidamente notificado. A esos fines, arguyó la Recurrida que presentó las alegaciones

---

[1] *Véase* Anejo 1 del Apéndice de la *Solicitud de Certiorari.*
[2] *Véase* Anejo 2 del Apéndice de la *Solicitud de Certiorari.*
[3] *Véase* Anejo 5 del Apéndice de la *Solicitud de Certiorari.*
[4] *Véase* Entrada Núm. 6 de SUMAC en el caso TA2022CV00833.
[5] *Véase* Anejo 7 del Apéndice de la *Solicitud de Certiorari.*

correspondientes y prueba de la existencia y liquidez de la deuda, así como de obligación solidaria. Por tanto, la desestimación de la Demanda solicitada era improcedente.

Así las cosas, mediante *Resolución* de 25 de agosto de 2023, el foro primario declaró *No Ha Lugar* la *Moción Urgente en Solicitud de Desestimación* presentada por el señor Padilla Negrón.[6]

En desacuerdo, el 11 de septiembre de 2023, el Peticionario presentó *Moción en Solicitud de Reconsideración,* en la que reiteró los argumentos esbozados en la *Moción Urgente en Solicitud de Desestimación*[7] presentada. Acto seguido, el 29 de septiembre de 2023, Servimetal presentó *Moción en Oposición a Solicitud de Desestimación.*[8] Finalmente, mediante *Resolución* de 4 de octubre de 2023, notificada el 6 de octubre del corriente año, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Reconsideración* presentada por el señor Padilla Negrón.

Inconforme, el Peticionario presentó el recurso de epígrafe y señaló la comisión de los siguientes errores por parte del foro primario:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN EN SOLICITUD DE DESESTIMACIÓN AL AMPARO DE LO RESUELTO EN *ORTIZ V. MORA DEVELOPMENT*, 187 DPR 649 (2013); *ASOC. FOTOPERIODISTAS V. RIVERA SCHATZ,* 180 DPR 920 (2011); *SÁNCHEZ V. AUTORIDAD DE LOS PUERTOS*, 153 DPR 559 (2001), EXISTIENDO OTRAS DEFENSAS Y FUNDAMENTOS ALEGADOS APLICABLES AL CASO PARA DESESTIMAR.
>
> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN EN SOLICITUD DE DESESTIMACIÓN Y LA SOLICITUD DE RECONSIDERACIÓN, AL NO APLICAR EL ARTÍCULO 1100 DEL CÓDIGO CIVIL QUE DISPONE QUE LA CONDONACIÓN DE LA DEUDA CON CUALQUIER DEUDOR SOLIDARIO DE LA MISMA CLASE EXTINGUE LA OBLIGACIÓN CON RESPECTO A LOS DEMÁS.
>
> TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN EN SOLICITUD DE DESESTIMACIÓN POR FALTA DE PARTE INDISPENSABLE Y LA SOLICITUD DE

---

[6] *Véase* Anejo 8 del Apéndice de la *Solicitud de Certiorari.*
[7] *Véase* Anejo 9 del Apéndice de la *Solicitud de Certiorari.*
[8] *Véase* Anejo 10 del Apéndice de la *Solicitud de Certiorari.*

RECONSIDERACIÓN, TODA VEZ QUE DE MANERA INCONTROVERTIDA SURGE QUE LA PARTE RECURRIDA DEJÓ FUERA Y EXCLUYÓ A LA PARTE INDISPENSABLE ROY D. ALLEN Y/O SUS SUCESORES.

CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN EN SOLICITUD DE DESESTIMACIÓN Y LA SOLICITUD DE RECONSIDERACIÓN, EN CONTRA DEL PETICIONARIO, TODA VEZ QUE DE LA TOTALIDAD DEL DOCUMENTO DE SOLICITUD DE CRÉDITO SURGE QUE ESTE COMPARECIÓ EN CAPACIDAD REPRESENTATIVA DE LA CORPORACIÓN Y LOS ÚNICOS SOLICITANTES DE CRÉDITO LO FUERON LA CORPORACIÓN Y LA PARTE EXCLUÍDA POR LA PARTE RECURRENTE, EL SR. ROY D. ALLEN Y/O SU SUCESIÓN.

QUINTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DICTAR SENTENCIA SUMARIA AL CONTENER MATERIAS NO CONTENIDAS EN LA DEMANDA LAS CUALES NO FUERON EXCLUÍDAS POR EL TRIBUNAL.

SEXTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN AL AMPARO DE LOS ARGUMENTOS ESBOZADOS EN LOS ESCRITOS DE LAS PARTES, AL NO PRESENTARSE OPOSICIÓN DE LA PARTE RECURRIDA RESPECTO A LA DEFENSA DE EXONERACIÓN, SOLICITUD DE SENTENCIA SUMARIA, SOLICITUD DE DESESTIMACIÓN POR FALTA DE JURISDICCIÓN SOBRE LA MATERIA.

SÉPTIMO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN AL HABERSE TORNADO ACADÉMICO EL CASO Y NO SER JUSTICIABLE.

El 16 de noviembre de 2023, Servimetal compareció ante nos mediante *Escrito en Cumplimiento de Orden; Oposición de Certiorari*. En esencia, sostuvo que no empece determinó no proseguir la reclamación en contra del Sr. Roy D. Allen, co-deudor fallecido, esto implicó que no condonó al Peticionario de la deuda reclamada, quien es deudor solidario de la obligación contraída. Sobre esos extremos, razonó que no incidió el foro primario al denegar la solicitud de desestimación presentada por el peticionario.

## II.
### A.

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía

revise las determinaciones[9] de un foro inferior.[10] Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari,* está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico,[11] que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

> [...]
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales[12].

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra,* procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[13]. Al ejercer de forma sabia y prudente nuestra facultad

---

[9] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019).

[10] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

[11] 32 LPRA Ap. V, R. 52.1.

[12] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

[13] *Véase Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019).

discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar[14]. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[15]. Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[16].

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y

---

[14] 4 LPRA Ap. XXII-B, R. 40.

[15] *Coop. de Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[16] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión".[17]

**B.**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil,[18] "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra".[19] La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.[20]

Al resolver una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas".[21] La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante".[22] Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y "únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse

---

[17] 32 LPRA Ap. V, R. 49.2.
[18] 32 LPRA Ap. V, R. 10.2.
[19] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[20] 32 LPRA Ap. V, R. 10.2." (Énfasis en el original). *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).
[21] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra,* en la pág. 428.
[22] *Íd.,* en la pág. 429.

remedio alguno a favor del demandante".[23] Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada".[24]

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "**debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'**". (Énfasis suplido).[25] Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[26].

El tratadista Cuevas Segarra nos comenta que nuestro Tribunal Supremo explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto* lo siguiente:

> El texto de la actual Regla es a[u]n más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de Boulon, particularmente la de que una demanda no debe ser desestimada por insuficiencia, **a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**, tienen aún mayor virtualidad [...]. (Énfasis nuestro).

---

[23] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

[24] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, en la pág. 429.

[25] *Aut. Tierras v. Moreno & Ruiz Corp., supra*, en la pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

[26] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* "debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor"[27]. Sin embargo, esto último "se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas"[28].

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10. 2(5) de Procedimiento Civil, *supra,* "[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda". Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda".[29]

**III.**

Es la contención principal del Peticionario en el recurso de epígrafe que incidió el foro primario al denegar su *Moción Urgente en Solicitud de Desestimación* presentada al amparo de la Regla 10.2 de Procedimiento Civil, *supra.*

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción, cuando se recurre de la denegatoria de una moción de carácter dispositivo. Tanto la moción desestimación al amparo de la Regla 10.2 de

---

[27] *Íd.,* en la pág. 530.
[28] Cuevas Segarra, *op. cit.*, en la pág. 529.
[29] *Íd.,* en la pág. 532.

Procedimiento Civil, *supra,* como la solicitud de sentencia sumaria, son mociones de carácter dispositivo cuya denegatoria por el foro primario es revisable ante este Tribunal de apelaciones mediante petición de *certiorari.*

Sin embargo, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Evaluado el recurso de *certiorari* aquí presentado por el Peticionario, junto a la *Resolución* recurrida, bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos del criterio que procede denegar la expedición del auto de *certiorari* solicitado por el señor Padilla Negrón. Es nuestro criterio que en la resolución recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI. *Véase,* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Lo cierto es que no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra,* que mueva nuestra discreción para intervenir con el dictamen recurrido.

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *certiorari* solicitado por el señor Padilla Negrón.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones